# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

## Case No. 14-3495

_____

## BILLIE JEROME ALLEN,

### Appellant,

### v.

## UNITED STATES OF AMERICA,

### Appellee.

_____

## ADDENDUM TO APPELLANT'S BRIEF
_____

## CAPITAL § 2255 PROCEEDINGS
(District Court Case No. 4:07-CV-0027-ERW)

Timothy Kane
Eric Montroy
Assistant Federal Defenders
Federal Community Defender Office
 for Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

July 30, 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BILLIE JEROME ALLEN,                    )
                                        )
        Movant,                         )
                                        )
    vs.                                 )        Case No. 4:07CV00027 ERW
                                        )
UNITED STATES OF AMERICA,               )
                                        )
        Respondent.                     )

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the Court on Movant Billie Jerome Allen's Amended Motion

under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal

Custody under a Sentence of Death [doc. #60].

## I.   PROCEDURAL BACKGROUND

In April 1997, Movant Billie Jerome Allen ("Allen") was indicted for crimes stemming

from the March 17, 1997 armed bank robbery of the Lindell Bank and Trust Company in St.

Louis, Missouri that resulted in the death, by multiple gunshot wounds, of bank security guard

Richard Heflin.  Allen was charged in Count I of the indictment with killing Mr. Heflin in the

course of committing an armed bank robbery, in violation of 18 U.S.C. § 2113(a), (e), and in

Count II with using a firearm to commit a crime of violence resulting in the death of another

under circumstances constituting first-degree murder, in violation of 18 U.S.C. § 924(j)(1).  The

Government filed a timely notice of intent to seek the death penalty, and following trial before a

jury, Allen was found guilty on both Counts.  The jury returned a sentence of life imprisonment

on Count I and death on Count II, and this Court formally sentenced Allen on June 4, 1998.

On appeal, the Eighth Circuit affirmed Allen's convictions and sentence, rejecting his argument that the Fifth Amendment required the indictment to include, for consideration by the grand jury, the statutory aggravating factors that trigger eligibility for the death penalty. *United States v. Allen*, 247 F.3d 741, 761-64 (8th Cir. 2001). Allen filed a petition for writ of certiorari to the United States Supreme Court, and following its decision in *Ring v. Arizona*, 536 U.S. 584 (2002), holding that the aggravating factors are equivalent to the elements of a capital offense for purposes of the Sixth Amendment, the Supreme Court granted Allen's petition, vacated the Eighth Circuit's decision as to Allen's sentence, and remanded the case to the Eighth Circuit for reconsideration in light of *Ring*. *Allen v. United States*, 536 U.S. 953 (2002).

The Eighth Circuit initially concluded on remand that Allen's sentence of death should be vacated, finding that the indictment's failure to charge at least one statutory aggravating factor violated Allen's Fifth Amendment right to indictment by a grand jury, and that although the error was not structural, it nevertheless required that his sentence be vacated because it was not harmless beyond a reasonable doubt.[1] *United States v. Allen*, 357 F.3d 745 (8th Cir. 2004). Following a subsequent rehearing *en banc*, however, the Eighth Circuit affirmed Allen's sentence, concluding that the defect in the indictment was both non-structural and harmless beyond a reasonable doubt. *United States v. Allen*, 406 F.3d 940 (2005). The Supreme Court denied Allen's petition for writ of certiorari with respect to that decision on December 11, 2006, *United States v. Allen*, 549 U.S. 1095 (2006), and for rehearing on February 20, 2007. *United States v. Allen*, 549 U.S. 1246 (2007).

---

[1] In *Chapman v. California*, 386 U.S. 18 (1967), the Supreme Court held that constitutional errors that are harmless beyond a reasonable doubt do not require reversal of a criminal conviction. Since then, the Supreme Court has clarified that certain, limited classes of constitutional errors are "structural" and do require automatic reversal, while all other constitutional errors are "non-structural" and subject to the "harmless beyond a reasonable doubt" standard. *See Neder v. United States*, 527 U.S. 1, 8 (1999) (listing those cases in which the Supreme Court concluded an error was structural).

2

In the present Motion under 28 U.S.C. § 2255, Allen asks the Court to set aside his death sentence on grounds of numerous alleged constitutional violations prior to trial, during trial, and throughout the appellate process.

## II.   LEGAL STANDARD FOR MOTIONS UNDER 28 U.S.C. § 2255

Under 28 U.S.C. § 2255(a), a federal prisoner who contends that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." To obtain relief under § 2255, the movant must establish a constitutional or federal statutory violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)). Subject to this "miscarriage of justice standard," requiring newly-discovered evidence of actual innocence or other, similarly extraordinary circumstances, issues that were raised and decided on direct appeal cannot be relitigated in a § 2255 motion. *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001).

Claims brought under § 2255 may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Additionally, constitutional or jurisdictional claims not raised on direct appeal cannot be raised in a § 2255 motion "unless a petitioner can demonstrate (1) cause for default and actual prejudice or (2)

3

actual innocence."  *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

If the movant's claims are not procedurally barred, the Court must hold an evidentiary hearing to consider the claims "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994).  Thus, a movant is entitled to an evidentiary hearing "when the facts alleged, if true, would entitle [the movant] to relief."  *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)).  A court may dismiss a claim without an evidentiary hearing, in contrast, "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based."  *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)).

## III.   DISCUSSION

Allen makes numerous claims of constitutional error in his § 2255 Motion.  The Court first considers his claims alleging violations of his Sixth Amendment right to counsel, and then turns to his remaining claims alleging violations of rights secured by the Fifth, Sixth, and Eighth Amendments.

### A.   Claims of Ineffective Assistance of Counsel

Notwithstanding the general rule that § 2255 claims not raised on direct appeal are procedurally defaulted absent a showing of cause and prejudice, *see United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001), ineffective assistance of counsel claims may be raised for the first time in a § 2255 motion regardless of whether they could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).  This exception to the procedural default

Allen attempts to distinguish *McCleskey* on the grounds that the statistical evidence at issue in that case related to prosecutorial decisions throughout the state of Georgia, made by numerous different county prosecutors, whereas his statistical evidence concerning federal death penalty prosecutions pertains to prosecutorial decisions by a single decisionmaker – the Attorney General of the United States.  While this is an accurate observation, factually speaking, it does not distinguish Allen's case from *McCleskey*.  Irrespective of whether Allen's statistical evidence is more narrowly focused than that in *McCleskey*, Allen is still ultimately asking the Court to infer, from the prosecutions of others, a discriminatory purpose as to *his* prosecution, and that is precisely the type of claim that *McCleskey* foreclosed.  *See* 481 U.S. at 292-97.

Thus, even if the Court were to agree with Allen that these statistics amount to a compelling indictment of the federal government's use of the death penalty against minority defendants, the law is nevertheless clear that a defendant cannot make out a selective prosecution claim under the Equal Protection Clause without evidence that there was a discriminatory motive to prosecute him in particular.  Given the absence of any colorable factual allegations to that effect, it is clear from the face of Allen's claim that trial and appellate counsel did not provide ineffective assistance in failing to make an as-applied challenge to the constitutionality of the FDPA.  This claim will therefore be denied without an evidentiary hearing.

### 6.  Trial and Appellate Counsel's Failure to Object to Anonymous Jury

Allen next claims that trial counsel provided ineffective assistance because he failed to object when the Court empaneled an anonymous jury for voir dire, and that appellate counsel was likewise ineffective for failing to raise this issue on appeal.

Courts have recognized that empaneling an anonymous jury has the potential for prejudicing a criminal defendant's Fifth Amendment right to a presumption of innocence and

19

Sixth Amendment right to trial by an impartial jury. *See, e.g.*, *United States v. Ross*, 33 F.3d 1507, 1519-20 (11th Cir. 1994). As a result, a district court generally should not empanel an anonymous jury without (1) "concluding that there is strong reason to believe the jury needs protection," and (2) "taking reasonable precautions to minimize any prejudicial effects on the defendant and to ensure that his fundamental rights are protected." *United States v. Darden*, 70 F.3d 1507, 1532 (8th Cir. 1995) (internal quotations and citations omitted). In *Darden*, the Eighth Circuit helpfully instructed that "some combination" of the following factors is sufficient to justify an anonymous jury: "(1) the defendant's involvement in organized crime, (2) the defendant's participation in a group with the capacity to harm jurors, (3) the defendant's past attempts to interfere with the judicial process, (4) the potential that, if convicted, the defendant will suffer a lengthy incarceration and substantial monetary penalties, and (5) extensive publicity that could enhance the possibility that jurors' names would become public and expose them to intimidation or harassment." *Id.* (internal quotations and citations omitted).

The Court concludes that trial and appellate counsel were not ineffective for choosing not to litigate this issue because the jury panel was not truly anonymous. Although the Court ordered that the venirepersons, and ultimately the jurors, be referred to by number in open court, Allen and his counsel were provided with their names, a 14-page, 56-question questionnaire completed by each, and an opportunity for follow-up questioning to uncover any biases. District courts are not required to ensure that the *Darden* factors are met in order to use numbers for identification, where the jury panel is not otherwise anonymous. *See United States v. Peoples*, 250 F.3d 630, 635 (8th Cir. 2001) ("The district court has wide discretion to empanel an anonymous jury if it finds that person's life or safety is in jeopardy, *or to require the use of numbers for identification in any case*.") (emphasis added) (citing *Darden*, 70 F.3d at 1532).

20

The Court, exercising that "wide discretion," found that using numbers for identification in open court was an appropriate means of shielding venirepersons from media scrutiny, but took no other steps to conceal their identities.  Furthermore, the jury panel was aware that personal information was given to Allen and his counsel, which contradicts Allen's suggestion that the Court's identification procedure may have given venirepersons or jurors the impression that he was dangerous and thereby prejudiced them against him.

As such, it is apparent from the face of Allen's claim that trial and appellate counsel's decisions not to litigate this issue did not violate Allen's Sixth Amendment right to counsel, and there is therefore no need to conduct an evidentiary hearing on this claim.

**7.  Trial Counsel's Failure to Follow Allen's Advice Concerning Peremptory Strikes**

Allen contends in this claim that trial counsel was ineffective for failing to properly consult with him regarding jury selection, alleging that before becoming ill as counsel was preparing to exercise peremptory strikes, he provided counsel with a list of three potential jurors who should have been stricken and that "several" of those individuals ultimately served as jurors. This is the extent of information and argument that Allen makes with respect to this claim, and from this alone the Court cannot conclude that trial counsel's performance was deficient or that Allen was thereby prejudiced.  To the extent Allen might be asserting that he had an absolute right to be present as peremptory strikes were exercised, he is incorrect.  *See United States v. Gagnon*, 470 U.S. 522, 526 (1985) ("The presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only.") (internal alterations, quotations, and citations omitted); *United States v. Gayles*, 1 F.3d 735, 738 (8th Cir. 1993) (defendant's right to presence not violated when he was not present during the exercise of peremptory strikes because he was present for voir dire and when the strikes were

prepare and investigate his mitigation case. In that hearing, the Court expects respective counsel to make presentations addressing the totality of available mitigating evidence – that adduced at trial and that offered by Allen in support of his Amended Motion – in order to enable the Court to reweigh that evidence against the aggravating evidence offered at sentencing. *See Sears v. Upton*, 130 S. Ct. 3259, 3266-67 (2010).

Accordingly,

**IT IS HEREBY ORDERED** that with the exception of his Claim J – alleging ineffective assistance of counsel based on counsel's alleged failure to investigate and present mitigating evidence at sentencing – Movant Billie Jerome Allen's Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under a Sentence of Death [doc. #60] is **DENIED**. Allen's Amended Motion shall remain before this Court pending the outcome of an evidentiary hearing on that claim.

**IT IS FURTHER ORDERED** that the evidentiary hearing on the aforementioned Claim J will be held before this Court on **August 1, 2011** at **9:00 A.M.** in Courtroom 17 South of the United States District Court in St. Louis, MO.

Dated this 10th Day of May, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

88

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BILLIE JEROME ALLEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:07CV00027 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## JUDGMENT

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that Respondent United States of America shall have judgment against Petitioner Billie Jerome Allen on all claims of his Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Under a Sentence of Death [ECF No. 60].  All claims of Petitioner's Amended Motion are **DISMISSED, with prejudice.**

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Petitioner's Amended Motion.

Dated this  25th  Day of June, 2014.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I, Timothy Kane, hereby certify that on this 30th day of July, 2015, I filed the foregoing Addendum to Appellant's Brief with service via electronic delivery to:

Ms. Carrie Constantin
First Assistant United States Attorney
111 South 10th Street, 20th Floor
St. Louis, Missouri 63102


/s/ Timothy Kane
Timothy Kane

.