UNITED STATES COURT OF APPEALS

EASTERN DISTRICT OF MISSOURI

EASTERN DIVISION

FILED

AUG 18 2016

MICHAEL GANS
CLERK OF COURT

BILLIE ALLEN,

    -v-

UNITED STATES OF AMERICA

Case No. 4:07 -cv-27 (E.D. Mo.)

This is a pro se motion, seeking this Court's permission to file a reconsideration of COA motion, seperate of that which will be filed by counsel, in the aboved mentioned case.

## HISTORY OF FILING PRO SE: SEPERATE FROM COUNSEL

On November 25, 2013, I filed a letter to the District Court, requesting permission to file a pr se motion raising additional grounds for my pending Amended Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Under a Sentence of Death [ECF No. 60]. The Court ordered a response to the Letter be filed by Dec. 9th, 2013. The Government would respond to the motion/letter, asking that the Court deny the request on grounds that (1)"it is Eighth Circuit policy to deny consideration of pro se mations when already represented by counsel, and (2) subject to certain exceptions, motions under 28 U.S.C. 2255 become procedurally defaulted unless filed within one year after exhausting direct appeals."

Though the Court could've denied the motion, which was in the rights of the Court to do so, the Court would state that "While the Court recognizes denying Movants request would be within Eighth Circuit custom, the Government has not cited - and the Court is unaware - of any law prohibiting consideration of such motion purely because it is filed pro se." It would go on to state that "Given the gravity of the instant case, the court declines to rule on the basis of a discretionary technically."

The Court would then give me 20 days to file my motion, where I was "ONLY" able to submit filings necessary to apprise the Court of (1)"the substance of my additional grounds for relief, and (2) whether such grounds have been procedurally defaulted."

RECEIVED I would then file my claims, the Government would respond, and I would submit a

AUG 18 2016

U.S. COURT OF APPEALS
EIGHTH CIRCUIT

reply to their response.

The issues would be denied by the Court, but the Court's rulings on the issues would raise the question as to whether the issues are debatable amongst reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. So I would file a Rule 59 motion, asking the Court to consider it's rulings, based on the Court's reliance of facts and testimony which I had shown to be false, and or not presented at trial to give the Court a full view of the facts when making its rulings on some of the issues raised. The rule 59 was denied.

I would then come to this Court, pro se, after counsels had filed my COA, which didn't include any of the issues that the District Court (1) allowed me to file and which I hoped this Court to consider.

The motion would be filed because I had talked to counsel(s) a few days before the filing and I had wrote counsel(s) a letter, expalining that I wanted the issued added to my COA; and I too had typed them out. I asked counsel(s) to file the issues because for the last few years I've been in and out of the hospital, going through some serious medical treatment, and I was getting sick, so I had asked counsel's to file the issues for me if I wasn't able to do it myself. But upon my return from the hospital, I was shocked to see that the issues hadn't been raised. So I filed them with this Court upon my return. The issues were denied by this Court, along with the others that counsel had filed, except for the Anonymous Jury issue. Which the Court also denied.

We are now about to file a motion for reconsideration of issues filed within our COA and I would like to know if I can have this Court's permission to file the issues I've put before this Court in my pro se filing of COA, and show this Court why the issues I've raised are (1) debatable among reasonable jurists, (2) that this Court would resolve the issues differently, based on past cases ruled on by this Court, and (3) the issues deserve further proceedings.

I respectfully ask for the Courts guidance on this matter because I want to make sure that issues which I feel are important are added to my pleadings to this court.

Thanks for the Courts time.

Billie Allen
26901-044
P.O. BOX 33
Terre Haute, IN.
47808